UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALT MCCOY PORTER,

    Petitioner,

v.                                                                                       Case No. 3:23cv4075-LC-HTC

RICKY D. DIXON,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner, Walt McCoy Porter, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in case number 2016-CF-24 in Wakulla County, Florida, ECF Doc. 1, along with a 2-page Motion to Hold Proceedings in Abeyance, ECF Doc. 4. The undersigned respectfully recommends the motion to hold these proceedings in abeyance be DENIED and the petition be DISMISSED WITHOUT PREJUDICE. As discussed below, *all* of Porter's claims are unexhausted and he has time after he has exhausted his claims in the state courts to seek federal habeas relief.

A state prisoner must exhaust all state remedies prior to bringing a federal habeas case. 28 U.S.C. § 2254(b)(1)(A) & (c). When a federal habeas petition raises claims that have not been exhausted in state proceedings, the district court ordinarily

must dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004) (internal quotation marks omitted). In certain "limited circumstances," however, the Court can grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim—but only when doing so is necessary in "protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Rhines v Weber,* 544 U.S. 269, 276-79 (2005). In *Rhines,* the Court affirmed a stay of the petition because "if the District Court had dismissed Rhines' mixed petition at that point, he would have been unable to refile in federal court after exhausting the unexhausted claims." *Id.* at 272–73.

The facts in this case, however, do not fit within the "limited circumstances" described in *Rhines*. Porter raises eight claims of ineffective assistance of trial counsel (IATC) in the petition, all grouped into a single Ground. Specifically, he claims counsel was ineffective for failing (A) to request a self-defense instruction; (B) to request jury instruction on no duty to retreat through the back door and for failing to cross examine the detective about not knowing if that door was usable; (C) to object to inadmissible character evidence; (D) to object to jury instruction for possession of a gun; (E) to object to inadmissible evidence; (F) to present exculpatory evidence; and (G) to understand the defense. In subpart (H) he lists a

series of other problems with his trial counsel's performance.  Under Florida law, an IATC claim must be raised in a 3.850 motion.  *See, e.g., Corzo v. State*, 806 So. 2d 642, 645 (Fla. 2nd DCA 2002) ("The general rule is that a claim of ineffective assistance of counsel may not be raised on direct appeal.") (citing *Bruno v. State,* 807 So.2d 55 (Fla. 2001)).

As discussed below, the appeal of Porter's 3.850 motion remains pending in the state courts.  Thus, contrary to the arguments made in Porter's motion to stay, the instant federal petition does not contain a mix of exhausted and unexhausted claims.  Instead, as the Secretary argues, all the claims are unexhausted, making this habeas action premature.

Porter's second argument, that he only has 23 days after exhausting to seek habeas relief and could miss that date because he is in prison, also does not justify a stay under *Rhines*.  First, based on the Secretary's response, Porter has over 70 days remaining on the AEDPA clock.[1]  Second, regardless of whether Porter's calculation or the Secretary's is correct, Porter has time to file a federal habeas petition after he has exhausted his claims; he "just will have to be diligent to act promptly" to ensure he does not miss the AEDPA deadline.  *See Smith v. Jones,* 2016 WL 11673312, at *3 (S.D. Fla. May 17, 2016), *report and recommendation adopted,* 2016 WL

---

[1] The parties should carefully review their calculations and ensure they are correct because the Court calculates the time left remaining on the AEDPA clock to be greater than 23 days, and also greater than 70 days.

Case No. 3:23cv4075-LC-HTC

11673311 (S.D. Fla. June 6, 2016) (denying motion to stay and abey even though petitioner had 19 days remaining on the AEDPA clock because, regardless, all claims are unexhausted, making the pending habeas petition premature).

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

Case No. 3:23cv4075-LC-HTC

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Petitioner's Motion to Hold Proceedings in Abeyance, ECF Doc. 4, be DENIED.

2. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Porter*, 2016-CF-24, in Wakulla County Circuit Court, ECF Doc. 1, be DISMISSED WITHOUT PREJUDICE.

3. That a certificate of appealability be DENIED.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of May, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.